**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ANCESTRY.COM OPERATIONS INC.,

    Plaintiff,

v.

DNA DIAGNOSTICS CENTER, INC.,

    Defendant.

Case No. 1:15-cv-737

Beckwith, J.
Bowman, M.J.

**ORDER**

This civil action came before the Court on January 6, 2017 for an informal discovery conference, by phone, regarding the parties continued discovery issues. Attorneys Jordan LaVine and Eric Clendening appeared for Plaintiffs. Attorneys Matthew Cavanagh and David Cupar appeared for Defendant. Based upon arguments of counsel during the phone conference and the materials submitted to the Court, the undersigned issues the following Order:

1. *Revised Calendar*

The Calendar order is herein revised as follows:

    Plaintiffs' Expert Reports: 3/1/2017;
    Defendants Disclosure of Experts: 3/13/17;
    Defendants' Expert Reports: 4/21/2017;
    Joint Disclosure of Rebuttal Experts: 4/28/2017;
    Joint Rebuttal Expert Reports: 5/12/2017;
    Expert Discovery deadline: 5/26/2017;
    Fact Discovery deadline: 2/17/2017[1];
    Dispositive Motion deadline: 6/9/2017.

---

[1] The discovery deadline shall remain February 17, 2017, with the exception of the depositions of three DDC employees and two former employees of Ancestry.

2. *DDC's Interrogatories Nos. 12 and 13 and Document Request No. 52.*

Here, in Interrogatory 12 DDC asked Ancestry to identify by Bates number any customer-facing documents (e.g. websites, advertisements) in with DDC used the word "Ancestry" in a way that Ancestry.com alleges is infringement. Where a document identified by Ancestry.com contains more than one use of the word "Ancestry," Interrogatory No. 13 asked Ancestry.com to state which specific "Ancestry" occurrences were accused of infringement. Ancestry.com objects to these interrogatories as unduly burdensome and overbroad.

In response to Ancestry.com's objections, DDC provided copies of various examples of DDC's customer-facing use of the word ancestry dating back to 2007. Ancestry.com shall submit responses to the examples provided by DDC and any other customer-facing documents that show a generous representative sample of the information requested. Ancestry.com is also reminded that it has a duty to supplement such responses to the extent that additional responsive documents are later uncovered.

Additionally, Ancestry.com shall provide its document retention policy as outlined in DDC's Document Request No. 52.

3. *Ancestry's Pre-Settlement Communications with Groupon and LivingSocial*

Ancestry.com shall produce a privilege log with respect to its pre-settlement communications with Groupon and LivingSocial within **10 days** of this Order. Thereafter, the parties shall meet and confer to address any outstanding issues. To the extent the parties cannot reach agreement relating to these documents, DDC may file a formal response to arguments raised in Plaintiff's January 5, 2017 letter to the Court.

*4.  DDC's non-privileged communication with Groupon and Living Social*

DDC shall confirm Groupon's position with respect to the production of these communications.  Thereafter, DDC shall produce the relevant documents to the Court to be reviewed *in camera* by January 13, 2017.

*5. Use-of-the-Marks*

DDC asks that the Court require Ancestry.com to confirm that it has now produced all customer facing uses of the Ancestry.com trademarks in connection with DNA testing. Ancestry.com did so on the record to the extent a representative same of different uses has been produced.  Ancestry, however, may supplement its response no later than **January 13, 2017**.

**IT IS SO ORDERED.**

    */s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge